## UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| CONNIE STEHLE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **Case No.:** |
| v. | ) | |
| | ) | **COMPLAINT AND DEMAND FOR** |
| DIVERSIFIED CONSULTANTS, INC. , | ) | **JURY TRIAL** |
| | ) | |
| Defendant. | ) | **(Unlawful Debt Collection Practices)** |
| | ) | |

## COMPLAINT

CONNIE STEHLE ("Plaintiff"), by her attorneys KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in unlawful debt collection practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Michigan, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.   Plaintiff is a natural person residing in Flint, Michigan.

6.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.   Defendant is a debt collection company with headquarters located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

8.   At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6) and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

9.   Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.  At all times material hereto, Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt.

11.  Upon information and belief, the alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12.  Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by him could only have arisen from financial obligation for primarily personal, family, or household purposes.

13.  Beginning in or around April 2015 and continuing through August 2015, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged debt,

14.  Defendant's collectors called Plaintiff from telephone numbers including, but not limited to: (313) 879-2543. The undersigned has confirmed that this number belongs to

Defendant.

15.   Each time Defendant called Plaintiff, Defendant would demand she provide highly personal information, including her social security number.

16.   As Plaintiff has never done business with Defendant, and worried that Defendant was trying to scam her, Plaintiff did not provide any personal information to Defendant.

17.   Plaintiff has asked Defendant why it is calling, but it refuses to provide her with information.

18.   Frustrated by Defendant's calls, Plaintiff told Defendant to stop calling in mid-April 2015.

19.   However, Defendant continued to call Plaintiff, demanding she provide personal information.

20.   Plaintiff made several subsequent requests that Defendant stop calling her.

21.   However, the calls continued.

22.   Once Defendant was aware its calls were unwanted any further calls could only have been for the purpose of harassment.

23.   Further, in its communications with Plaintiff, Defendant threatened to pursue legal action against Plaintiff.

24.   Upon information and belief, Defendant did not intend to pursue legal action against Plaintiff, but only made such threats to coerce payment from Plaintiff.

25.   Defendant's collectors also implied that non-payment of the unknown debt was a crime, indicating it was a "Federal offense" and charges were being filed against her.

26.   Finally, Defendant failed to send Plaintiff written notification of her rights to dispute the debt and/or to request verification of the debt, as well as, providing him with the amount of

the debt and the name of the original creditor.

27.  Defendant's actions as described herein were made with the intent to harass, abuse and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d and § 1692d(5)  OF THE FDCPA

28.  A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

29.  A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

30.  Defendant violated § 1692d and § 1692d(5)  when it placed repeated and continuous harassing telephone calls to Plaintiff knowing its continued communications were unwanted.

## COUNT II
## DEFENDANT VIOLATED §§ 1692eand 1692e(10) OF THE FDCPA

31.  A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

32.  A debt collector violates § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

33.  Defendant violated §§ 1692e and 1692e(10) when it threatened to take legal action against Plaintiff without the intention to take such action and when it threatened to that charges would be filed against her.

## COUNT III
## DEFENDANT VIOLATED §1692e(5) OF THE FDCPA

34.   A debt collector violates § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

35.   Defendant violated §1692e(5) when it threatened to take legal action against Plaintiff without the intention to take such action.

## COUNT IV
## DEFENDANT VIOLATED § 1692e(7) OF THE FDCPA

36.   A debt collector violates § 1692e(7) by representing or implying that the consumer committed any crime or other conduct in order to disgrace the consumer.

37.  Defendant violated § 1692e(7) when it indicated Plaintiff had committed a Federal offense and that charges would be filed.

## COUNT V
## DEFENDANTS VIOLATED § 1692f OF THE FDCPA

38.  A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

39.  Defendant violated § 1692f when it made repeated harassing calls to Plaintiff, threatened legal action without the intent of taking such action, and indicated Plaintiff had committed a crime.

## COUNT VI
## DEFENDANTS VIOLATED §§ 1692g OF THE FDCPA

40.  A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice

containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

41.  Defendant violated § 1692g(a) by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, CONNIE STEHLE, respectfully prays for a judgment as follows:

  a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

  d.   Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CONNIE STEHLE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

DATED: August 28, 2015

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com